

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONALD G. MOORE, §
　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　§
VS. § NO. 4:07-CV-422-A
　　　　　　　　　　§
MICHAEL J. ASTRUE, §
COMMISSIONER OF SOCIAL SECURITY,§
　　　　　　　　　　§
　　　　Defendant. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Donald G. Moore is plaintiff and the Commissioner of Social Security, currently Michael J. Astrue, is defendant. On July 16, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation,[1] and granted the parties until July 15, 2008, to file and serve any written objections thereto. On July 16, 2008, plaintiff filed his objections.[2] For the reasons given below, the court has concluded that it should accept the proposed findings, conclusions and recommendation of the United States Magistrate and affirm defendant's decision.

---

[1] Citations to the proposed findings, conclusions, and recommendation issued by the United States Magistrate Judge will be "FC&R."

[2] Though plaintiff appears to have filed his objections one day late, the court will give plaintiff the benefit of the doubt and consider them.

I.

## Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of

credible choices" or "no contrary medical evidence."  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendation, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court now makes that determination in the context of the basic principles mentioned above.

## II.

### Plaintiff's Objections and Rulings Thereon

Plaintiff's objections are premised on the Magistrate Judge having identified and applied an erroneous "harmless error" standard to a purported error made by the Administrative Law Judge ("ALJ").  As discussed below, the court concludes that the ALJ did not err, and that, even if he did, the Magistrate Judge correctly identified and applied the harmless error analysis.

The purported error on the part of the ALJ relates to his findings of fact and application of law at Step Three of the disability benefits analysis.[3]  In pertinent part, the ALJ found that:

---

[3] At Step Three, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the appendix to the regulations.  Social Security Administration, Evaluation of Disability, 20 C.F.R. §§ 404.1520(d) & 416.920(d) (2007).

3

> 5. **The claimant does not have a medically determinable impairment or combination of impairments that meets or medically equals any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.**
>
> In this case, the claimant's condition does not satisfy that standard, even considering the combined impact of his impairments. My finding is supported by the opinions of the medical consultants who reviewed the evidence at the initial and reconsideration levels on the current application and who determined that the claimant's combination of impairments did not meet or equal any listed impairment in Appendix 1.

Tr. at 18. The Magistrate Judge, considering the foregoing finding of the ALJ, found and concluded that:

> The ALJ found that Moore did not meet or equal a listed impairment, but did not specify what listings he had considered or the reasons Moore failed to meet the criteria of any particular impairment. The ALJ was required to discuss the evidence offered in support of Moore's claim and explain why Moore was not considered disabled at Step Three. See Audler v. Astrue, 501 F.3d 446, 448 (5th Cir. 2007). Summarily concluding that a claimant fails to meet or equal the criteria of an unspecified listing is insufficient because it does not permit meaningful judicial review. Id. Nonetheless, Fifth Circuit precedent does not require remand unless substantial rights have been affected. Id.; Mays v. Bowen, 837 F.2d 1362, 1364 ([5th Cir.] 1988).
>
> The ALJ's failure to set out a basis for his decision at Step Three affects substantial rights when the claimant appears to have met his burden to demonstrate that he meets or equals a listing. See Audler, 501 F.3d at 449. But Moore has not made such a showing. . . .

FC&R at 10. Thus the Magistrate Judge concluded that the ALJ erred under the authority of Audler. The findings of the ALJ in the instant case, however, are distinguishable from those presented in Audler.

While the conclusions of the ALJ are admittedly somewhat

4

bare, they are not "beyond meaningful judicial review," as were the findings at issue in Audler.[4] 501 F.3d at 448. In Audler, "[t]he ALJ did not identify the listed impairment for which Audler's symptoms fail to qualify, nor did she provide any explanation as to how she reached the conclusion that Audler's symptoms are insufficiently severe to meet any listed impairment." Audler, 501 F.3d at 448.

In the instant case, the ALJ did not identify the particular listed impairment(s) for which plaintiff's symptoms fail to qualify.[5] The ALJ did, however, provide an explanation as to how he reached his conclusion that plaintiff did not qualify for any of them. Specifically, the ALJ relied on the opinions of the medical consultants that reviewed the evidence at the initial and reconsideration levels. Because the court can review the opinions of the medical consultants to determine whether they support the ALJ's decision, the instant case does not present the problem identified in Audler of "a bare conclusion [] beyond

---

[4]In Audler, the ALJ summarily concluded that:

"[T]he medical evidence indicates that the claimant has status post lumbar laminectomy, cervical disc herniation, headaches and chronic neck and back pain, impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4."

Audler v. Astrue, 501 F.3d 446, 448 (5th Cir. 2007) (quoting the findings of the ALJ.

[5]An argument could be made that the ALJ did do so, by negative implication, because he found that plaintiff did not qualify for any of the listed impairments. Such a finding by the ALJ, however, is not particularly helpful, especially given that 20 C.F.R. Part 404, Subpart P, Appendix 1, is 117 pages and discusses many, many impairments.

5

meaningful judicial review." Audler, 501 F.3d at 448.[6] Thus the court concludes that the ALJ did not err under the authority of Audler.[7]

Even assuming arguendo, that the ALJ did err, plaintiff would not be entitled to any relief because the ALJ's error did not affect plaintiff's substantial rights.[8] To reach this conclusion, the court must first identify the appropriate standard that would apply if the ALJ had erred. Plaintiff appears to have had some difficulty identifying the proper standard. He takes the position the Magistrate Judge incorrectly stated and applied the applicable standard, and that:

> The Magistrate Judge appears to suggest that a [p]laintiff must demonstrate he is disabled in order to show prejudice, a standard which is much too high.
> . . . An error is harmless <u>if no reasonable ALJ who did not make the same error the ALJ made would have reached a different outcome</u>.

Objs. at 2 (emphasis added). Whereas plaintiff contends that the Magistrate Judge identified a harmless error standard that is

---

[6] The Audler court explained that:

> Although the ALJ is not always required to do an exhaustive point-by-point discussion, in this case, the ALJ offered nothing to support her conclusion at this step and because she did not, we, as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not.

Audler, 501 F.3d at 448 (quotation and citation omitted). In the instant case, the ALJ has identified the opinions of medical consultants, which the court can consider in determining whether the ALJ's decision is based on substantial evidence.

[7] Plaintiff does not argue that the opinions of the medical consultants do not constitute substantial evidence in support of the ALJ's decision.

[8] Though the court feels that such discussion is unnecessary given its conclusion that the ALJ did not err, the court devotes some discussion to the harmless error standard because plaintiff has devoted the bulk of his objections to the same.

"much too high," plaintiff espouses a standard which is too low.

Plaintiff does not cite any authority in support of his "no reasonable ALJ" standard until the last page of his objections, where he quotes Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006). Alas, the court need not turn to the Ninth Circuit for guidance because authority from the United States Court of Appeals for the Fifth Circuit, most of which was identified by the Magistrate Judge, enunciates the applicable standard.

As the Magistrate Judge noted, remand is not required when the ALJ's procedural error is harmless. See Audler, 501 F.3d at 448. A procedural error is harmless so long as it does not affect the substantial rights of a party. Id. ("'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'") (quoting Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988)). In a case where the ALJ commits some procedural error, "[t]he procedural improprieties alleged by [plaintiff] will . . . constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988).

As the foregoing cases makes clear, to be entitled to any relief based on his objections, plaintiff would have to establish that the ALJ erred and that the ALJ's error casts into doubt the existence of substantial evidence to support the ALJ's decision. After discussing evidence in the record favorable to his case,

7

plaintiff concludes that:

> [He] has outlined the basic set of medical findings demonstrating that he met the listing, and that despite the surgical intervention, he has continued to have chest pain requiring the use of nitroglycerin. The [p]laintiff's impairment has existed over a sufficient durational period of time. [Plaintiff] has thus demonstrated that if the proper legal standard had been applied, <u>a reasonable ALJ could have found him disabled at Step Three</u>.

Objs. at 5 (emphasis added). Plaintiff never explicitly argues that there is not substantial evidence in the record to support the ALJ's determination, nor does he provide to the court any basis upon which it could conclude that the opinions of the medical consultants who reviewed the evidence at the initial and reconsideration levels do not constitute substantial evidence in support of the ALJ's decision. He essentially highlights some evidence favorable to his case and asks the court to conclude, based on such evidence, that the ALJ erred. The court acknowledges that the record contains some evidence arguably favorable to a determination that plaintiff may have been, at some point, disabled; however the court must not reweigh the evidence. <u>Fraga</u>, 810 F.2d at 1302. Plaintiff has adduced nothing in his objections as would cast into doubt the existence of substantial evidence in support of the ALJ's decision.

III.

## Conclusion and Order

For the reasons stated above, all objections of plaintiff are without merit. Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for disability insurance benefits under Title II and supplemental security income or SSI benefits under Title XVI of the Social Security Act be, and is hereby, affirmed.

SIGNED August 13, 2008.

_____
JOHN McBRYDE
United States District Judge